IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| JESSE RUSSELL SIMPSON, | ) |
|                Plaintiff, | ) Civil Action No. 3: 20-cv-00009 |
| v. | ) Chief United States Magistrate Judge |
|  | ) Cynthia Reed Eddy |
| FEDERAL BUREAU OF PRISONS, IAN CONNORS, National Inmate Appeals Administrator; and FBOP GENERAL COUNSEL, | ) |
|                Defendants. | ) |

**MEMORANDUM OPINION[1]**

For the reasons that follow, the Court finds that Plaintiff's claims for equitable relief in this case are moot. Accordingly, the Clerk of Court will be directed to mark this case closed.

**Procedural History**

This case has an intriguing procedural history, which bears detailing. On October 21, 2019, Plaintiff, Jesse Russell Simpson, initiated this case by filing a Complaint in the United States District Court for the District of Columbia, seeking equitable relief and damages for Defendants alleged violations of his religious civil rights occurring while he was incarcerated at five federal prison facilities. At the time of filing the Complaint, Simpson was a federal inmate incarcerated at FCI Loretto in Cresson, PA. Prior to being transferred to FCI Loretto, Simpson was housed at FCI Danbury in Connecticut, transferred to FCI Morgantown in West Virginia, temporarily held at the

---

[1] In accordance with the provisions of 28 U.S.C. § 636(b)(1), the parties have voluntarily consented to jurisdiction by a United States Magistrate Judge, including entry of final judgment. (ECF Nos. 35 and 43).

Federal Transfer Center ("FTC") Oklahoma City in Oklahoma, and the U.S. Penitentiary Canaan in Pennsylvania. Complaint, at 4-10.

Through his Complaint, Simpson alleges that he practices Orthodox Therian Shamanism – a religion that requires him to "wear an imitation Wolf tail" at all times and "meditate regularly around imagery of Wolves," and that Defendants violated his right to freely practice his religion. *Id*. at 2-4. Simpson alleges past and ongoing violations of his religious civil rights under the First Amendment and the Equal Protection Clause of the Constitution, the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb to 2000bb-4, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5, and *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). Named as defendants in the Complaint are the Bureau of Prisons and twenty-two individual defendants, in both their official and individual capacities, for preventing him from practicing Orthodox Therian Shamanism while incarcerated..

Contemporaneous with filing his Complaint, Simpson moved for a Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI") requesting that he be authorized to (1) purchase or make a wolf tail to wear, (2) openly display wolf imagery in his prison cell, and (3) not suffer any reprisal for filing the TRO/PI. Defendants filed an response in opposition to Simpson's request for preliminary equitable relief in which they moved to dismiss, or alternatively, for summary judgment on his claims.

By Memorandum Opinion and Order dated January 8, 2020, The Honorable Carl J. Nichols (1) dismissed against all defendants Simpson's RLUIPA claims; (2) dismissed Simpson's claims for damages against the BOP and Official-Capacity claims against the individual Defendants under RFRA and the Constitution; (3) dismissed his claims for equitable relief against the individual

Defendants working at FTC Oklahoma, FCI Morgantown (and the BOP Mid-Atlantic Regional Office), and USP Canaan; (4) transferred to this Court Simpson's claims for equitable relief against the BOP and individual Defendants at FCI Loretto and BOP Headquarters;[2] and (5) decided that Simpson's Individual-Capacity *Bivens* and RFRA claims would remain before the Court in the District of Columbia (ECF No. 18).

On January 13, 2020, the case was transferred in from the District of Columbia to this Court and assigned to the undersigned.

### Claims Before This Court

The parties agree that the only claims before this Court are claims for equitable relief: (1) purchase or make a wolf tail to wear, (2) openly display wolf imagery in his prison cell, and (3) not suffer any reprisal for filing the TRO/PI.

Upon the case being transferred, the Federal Defendants reasserted the arguments made originally before Judge Nichols - that Simpson's claims should be dismissed for failure to exhaust his administrative remedies.[3] (ECF No. 7). Specifically, the Federal Defendants argue that no individual is referenced in Simpson's administrative proceedings and that while at FCI Loretto, Simpson failed to exhaust his claims regarding the denial of his request to wear a wolf tail and possess pictures and books of wolves. (ECF No. 29).

---

[2]     Judge Nichols determined that these claims should be transferred to the Western District of Pennsylvania because, at the time, Simpson was incarcerated at FCI Loretto, and the BOP and those defendants working at FCI Loretto and BOP Headquarters were responsible for the conditions of confinement which Simpson challenged.

[3]     Judge Nichols did not reach this issue as he transferred the claims seeking equitable relief based on improper venue.

On May 6, 2020, Simpson notified the Court that he had been released to home confinement in Clarksville, Maryland. (ECF No. 38). The Court thereafter ordered the parties to each file a status report addressing whether Simpson's claims for equitable relief had been mooted due to his release to home confinement. (ECF No. 39). Plaintiff responded and argued in relevant part as follows:

> Plaintiff's claims for equitable relief have not entirely been mooted because of his release. Specifically, Plaintiff is still not authorized to wear an imitation Wolf tail inside the Volunteers of America Residential Re-entry Center ("the VOA RCC") in Baltimore, Maryland because (1) an imitation Wolf tail is no considered 'appropriate attire' by the VOA RCC and (2) Plaintiff's religion and required attire is not recognized by Federal Bureau of Prisons ("BOP") policy. . . . Furthermore, because Loretto FCI Defendants are no longer directly stopping Plaintiff from practicing his religion, all official capacity Loretto FCI Defendants should be removed from this civil action. The BOP, Ian Connors, and BOP General Counsel are the only appropriate Defendants remaining before this Court.[4]

Pl's Status Report (ECF No. 41). The three remaining Federal Defendants argued in their status report that Simpson's claims were moot, that this Court lacked personal jurisdiction, and venue in the Western District was improper.

## Discussion

As noted above, during the pendency of this case, Simpson was released to home confinement, which would appear to make his claims for equitable relief moot. Simpson does not contest that two of his three equitable relief claims are in fact moot. Specifically, his claims that he cannot openly display wolf imagery in his prison cell and that he will suffer any reprisal for filing the TRO/are moot. He argues, however, that his claim that he cannot wear a wolf tail is not moot because he "is still not authorized to wear an imitation Wolf tail inside Volunteers of America Residential Re-entry Center ("the VOA RCC") . . . because (1) an imitation Wolf tail is not considered 'appropriate attire'

---

[4] ithout objection from the Federal Defendants, all defendants except the BOP, Ian Connors, and BOP General Counsel were dismissed.

4

by the VOA RCC and (2) Plaintiff's religion and required attire is not recognized by Federal Bureau of Prisons ("BOP") policy." Pl's Sur-Reply at 1 (ECF No. 49).

The Court finds Simpson's arguments to be unavailing. As the Federal Defendants correctly point out, they "cannot be called to answer for the policies of an independent contractor." Sur-Reply at 2 (ECF No. 53).[5] Further, Plaintiff has provided no support for his allegations that the VOA RCC relies upon the BOP's policy for religion or attire. He cites no language in the VOA RCC handbook that declares the VOA RCC applies BOP's policy for religion or attire. *See* Pl's Resp. in Opp'n to Defs' Status Report, Attachment - VOA RCC, Resident Handbook (ECF No. 49).

Moreover, other than pure speculation and conjecture, Simpson has provided the Court with nothing to support his contention that he cannot wear a wolf tail while at VOA RRC. Simpson only speculates that he would not be permitted to wear a wolf tail; he provides nothing that indicates that VOA RRC would find his wolf tail to be unauthorized. Also significant is that Simpson is neither a resident of VOA RCC nor does he report in person to VOA RRC; rather, it appears that he has bi-weekly telephone calls and had to bring his vehicle to the VOA RRC once for a car inspection, which was performed outside of the VOA RRC facility. (ECF No. 53 at 5).

## Conclusion

For all these reasons, the Court finds that Plaintiff's claims for equitable relief against Defendants the BOP, Ian Connors, and BOP General Counsel are moot and this case will be dismissed.[6] If VOA RRC has a policy which Simpson alleges violates his constitutional rights, he

---

[5] The policies and/ practices of the Volunteers of America Residential Re-Entry Center have been extensively briefed by the parties. *See* ECF Nos. 41, 48, 49, and 53.

[6] Because the Court has found that Simpson's claims are moot and will dismiss the case on that basis, it is not necessary to address the Federal Defendants' arguments that Simpson failed to exhaust his administrative remedies, that dismissal is proper pursuant to Fed.R.Civ.P. 12(b)(2) for

5

must obtain the relief he seeks in a court which has jurisdiction over VOA RRC, which is not the United States District Court for the Western District of Pennsylvania. An appropriate Order follows.

Dated:  September 3, 2020
                    s/Cynthia Reed Eddy
                    Cynthia Reed Eddy
                    Chief United States Magistrate Judge

cc: Jesse Russell Simpson
    (via ECF electronic notification)

    Kezia Taylor
    U.S. Attorney's Office
    (via ECF electronic notification)

---

lack of personal jurisdiction, or that the case should be dismissed pursuant to Fed.R.Civ.P. 12(b)(3) for improper venue.